

July 26, 2012

**VIA CERTIFIED and REGULAR MAIL**
**91 7108 2133 3938 1280 3116**

Ed Erhard, III
Pinnacle Restoration, LLC
70-09 73rd Place
Glendale, NY 11385

RE:   *Cesar Carbajal v. 325 Main Street Owners Corp and Pinnacle Restoration, Ltd.*
      Insured:          Pinnacle Restoration, LLC
      Policy No.:       CCP743045
      Date of Loss:     March 27, 2012
      Claim No.:        01-083111

## SUIT ACKNOWLEDGEMENT – PARTIAL DISCLAIMER
## POTENTIAL FOR EXCESS OF LIMITS NOTIFICATION

Dear Mr. Erhard:

I am a Litigation Specialist for Century Insurance Group, a division of Meadowbrook Insurance Group ("Century"), assigned to oversee this claim on behalf of Century Surety Company.

Century is in receipt of a Summons and Complaint commenced against Pinnacle Restoration, Ltd.   Century has reviewed the Complaint and Pinnacle Restoration LLC's ("Pinnacle") commercial general liability insurance policy; and the following is Century's insurance coverage position with regard to this occurrence, claim, and suit.

### I.   Facts

Plaintiff, Cesar Carbajal ("Carbajal") alleges to have been engaged in construction/restoration work when he was struck in the face by a grinder disk that broke off an angle grinder.

Carbajal is alleging the defendants violated Labor Law 200, 240 and 241(6) due to their negligence in failing to provide Carbajal with a safe work place, permitting an unsafe condition to exist that constitute a danger, nuisance and menace to safety.

### II.   The Insurance Policy

Century Surety Company issued a commercial general liability insurance policy to Pinnacle with effective dates from December 14, 2011 through December 14, 2012  ("the Policy"). The Policy was issued with liability limits of $1,000,000 for each occurrence, a general aggregate limit of

Susan M. Weller, MBA
Litigation Specialist II
sweller@centurysurety.com | 866-686-8584
Mailing Address:  P.O. Box 163340 Columbus, Ohio 43216-3340
Physical Address:  465 North Cleveland Avenue, Westerville, Ohio 43082
Phone: 800-878-7389   Fax: 614-895-7040   Website: www.centurysurety.com

$2,000,000 and a $5,000.00 per claim deductible that applies to supplementary payments ("the Policy").  The Policy contained the following terms:

The Policy contains the following terms:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

   **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)**     The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**

   * * *

2.       **Exclusions**
This insurance does not apply to:

\* \* \*

       **d.**       **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

       **e.**       **Employer's Liability**

"Bodily injury" to:

**(1)**       An "employee" of the insured arising out of and in the course of:
       **(a)**       Employment by the insured; or
       **(b)**       Performing duties related to the conduct of the insured's business; or

(2)       The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

Exclusion "d. Workers' Compensation And Similar Laws," was replaced by form CGL 0117 0910, which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – WORKERS COMPENSATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, paragraphs 2., Exclusions, item d. Workers' Compensation And Similar Laws is deleted in its entirety and replaced with the following:

**d.**       **Workers Compensation and Similar Laws**
This insurance does not apply to any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any other similar law.

Page 4

> This exclusion also applies to any obligation of the insured under the workers' compensation statutes of any state arising out of the failure of the insured to exact from the contractor (or subcontractors if the insured is a contractor) a certificate from the workers' compensation board showing that the contractor (or subcontractor) has complied with the applicable workers' compensation insurance requirements.

> All other terms and conditions of this policy remain unchanged.

Exclusion "e. Employers Liability," was replaced by form CGL 1702 11/00, which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ACTION OVER EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the following change is made to Coverage A. 2. Exclusions:

Exclusion **e. Employer's Liability** is deleted in its entirety and replaced with the following:

**e.        Employer's Liability**

"Bodily injury" to:

(1)        An "employee" of the named insured arising out of and in the course of:
    **(a)**        Employment by the named insured; or
    **(b)**        Performing duties related to the conduct of the named insured's business; or

(2)        The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

(1)        Whether the insured may be liable as an employer or in any other  capacity and
(2)        To any obligation to share damages with or replay someone else who must pay damages because of the injury.

The Policy also contains endorsement CGL 1710 0311, Exclusion – Bodily Injury to Independent Contractors, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Page 5

**EXCLUSION – BODILY INJURY TO INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Section I – Coverages, Coverage A, Bodily Injury and Property Damage Liability, paragraph 2., Exclusions:

This insurance does not apply to:

Independent Contractors

"Bodily injury" to:

(1) Any independent contractor or the "employee" of any independent contractor while such independent contractors or their "employee" is working on behalf of any insured; or
(2) The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

All other terms and conditions of this policy remain unchanged.

**Attached to Pinnacle's policy is the endorsement CBL 1914 0211, Exclusion – Construction Management, which reads as follows:**

**EXCLUSION - CONSTRUCTION MANAGEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I – Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability:**

This insurance does not apply to:

**Construction Management or Consulting**

"Bodily injury" or "property damage" arising out of, or resulting from, any insured acting as a construction manager or construction consultant.

For the purposes of this exclusion construction management or consulting means those operations undertaken to manage or consult on construction activities or plans when the insured does not perform, or

directly contract with subcontractors to perform the actual construction activities on which they are consulting or managing.

Please note that the above excerpted policy provisions, definitions, exclusions, are here for your convenience.  In the event that the above-mentioned policy provisions, definitions, exclusions, vary in any way from the actual policy, please note that the actual policy terms, conditions, definitions, and exclusions will apply.

## I.   Analysis

The General Liability Notice of Occurrence/Claim that was sent in with the lawsuit, indicates under the description of occurrence, "The Insured is a Gen. Contractor who hired a sub contractor who employed Cesar Carbajal.  Employer was Delta Restoration at (718) 799-6117."

The complaint itself is silent as to who Carbajal was hired by or with whom Carbajal was an employee.  If it is determined through discovery that Carbajal was in fact an independent contractor working for or on behalf of Pinnacle at the time of his accident, the "Bodily Injury to Independent Contractors," endorsement set forth above, in endorsement CGL 1710 0311 would apply barring insurance coverage to Pinnacle for this occurrence, claim and suit.

If it were determined that Carbajal was an employee of Pinnacle, then the "Workers Compensation and Similar Laws" exclusion, set forth above, in endorsement CGL 0117 0910 would apply barring insurance coverage for this occurrence, claim and suit against Pinnacle.  Likewise, the "Action Over" Exclusion, set forth above, in endorsement CGL 1702 11/00 would apply barring insurance coverage for this occurrence, claim and suit against Pinnacle.

If it is learned that Carbajal accident arose out of the construction management by Pinnacle then endorsement CBL 1914 0211 would apply and insurance coverage would be barred for this occurrence, claim and suit against Pinnacle.

Based on Century's ongoing investigation, information pled in the complaint and Century's potential coverage triggers, requirements, exclusions, modifications outlined above, Century will provide Pinnacle a defense under a partial disclaimer as outlined above.  Century has appointed defense counsel:

> Scott Morgan
> Weiner, Millo, Morgan & Bonanno
> 220 Fifth Avenue, 10th Floor
> New York, NY 10001-7708
> Tel. (212) 213-1220
> Fax (212) 889-5228
> via email to:  smorgan@wmmblawfirm.com

Century is reserving its right to withdraw counsel and to seek reimbursement for costs incurred as a result of providing Pinnacle a defense.  Century is also reserving its right to file a Declaratory Action with the Court to determine the duties and responsibilities of Century.  Since Century is handling this lawsuit under a partial disclaimer, Pinnacle is entitled to independent counsel.  If you would like to discuss independent counsel, please contact me immediately.  If we do not hear from you in writing objecting to Mr. Morgan defending Pinnacle within the next 30 days, we will assume there is no objection.

We ask that you not discuss this matter with anyone except Mr. Morgan, someone from his law firm, your personal attorney or a representative from Century Insurance.  We also request that you provide him with all information and cooperation needed to fully defend you in this case. This may include, but is not limited to, your assistance with responding to discovery requests and time needed to complete your deposition and attend trial, if necessary.

If Pinnacle has an excess or umbrella policy, please put those carriers on notice of this lawsuit immediately, if you haven't already.  Carbajal is alleging facial injuries as a result of this accident.  Depending on the extent of those injuries and any associated treatment, this case's value may exceed Pinnacle's $1,000,000 each occurrence limit with Century.  If there is an award or verdict in excess of Pinnacle's $1,000,000 each occurrence limit with Century, Pinnacle would be responsible for anything over and above the each occurrence limit.

You may also want to consult with your personal attorney in order to discuss any potential liabilities you may have toward the claimant in this matter as well as your rights and responsibilities under the terms of your policy with Century.   Any expenses incurred as a result of consulting with your personal attorney shall be at your own expense.

If you have additional information that you feel will affect Century's coverage position, please submit same so we may review.

Should you have any questions concerning our position as outlined in this letter, please contact our office at your convenience

Sincerely,

**CENTURY INSURANCE GROUP**

Susan M. Weller, MBA
Litigation Specialist II

SMW:jt

cc:     Scott Morgan, Esquire
        Weiner, Millo, Morgan & Bonanno
        Via email: smorgan@wmmblawfirm.com

        Steven Payne, Esq.
        Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
        255 Broadway, 13th Floor
        New York, NY 10007
                (Attorney for Plaintiff)

        325 Main Street Owners Corp.
        5683 Riverdale Avenue
        Riverdale, NY 10471
                (Defendant)

Allen Freeman
via email to:  afree40180@aol.com

Demetriou General Agency
via email to:  mshafi@demetriougroup.com

| WARNING |
| --- |
| (New York) |
| **General: All applications for commercial insurance, individual, group or blanket accident and health insurance and all claim forms, other than automobile insurance** - "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation." |
| **Fire:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy." |
| Revised 02/2012 |