# ALONSO, ANDALKAR & FACHER, P.C.

ATTORNEYS AT LAW
920 BROADWAY
NEW YORK, NEW YORK 10010
(212) 598-5900
WWW.ALONSOLEGAL.COM

MARK J. ALONSO
MANOJ R. ANDALKAR <
CATANIA T. FACHER

TELECOPIER     (212) 598-4650
EMAIL: MANDALKAR@ALONSOLEGAL.COM

ERIN MAC AVOY
OF COUNSEL

CARI A. LEWIS
MAJA SZUMARSKA
BRIANA K. HUFFER
JESSICA M. LAU <
ALEXANDER J. FRANCHILLI <

< MEMBER OF THE NY AND NJ BAR

February 11, 2014

**_Via Electronic Filing_**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Century Surety Company v. Pinnacle Restoration, et al.*
      *Docket Number: 1:13-cv-03962-JMF*

Dear Judge Broderick:

This firm represents Pinnacle Restoration, Ltd. ["Pinnacle"] in the above-referenced declaratory judgment action. We are writing pursuant to Individual Practice Rule 4(A) to request a pre-motion conference in connection with Pinnacle's anticipated motion pursuant Fed. R. Civ. P. 7(b), to either dismiss without prejudice Plaintiff Century Surety Company's ("Century") declaratory judgment lawsuit or, alternatively, to stay Century's lawsuit pending resolution of the underlying state court action to which this action relates, captioned *Cesar Carbajal v. 325 Main Street Owners Corp. and Pinnacle Restoration, Ltd.* bearing the Index Number 304962/12 (the "Underlying Action").

Pinnacle is a domestic corporation with its principal place of business located at 70-09 73rd Place, Glendale, New York. Edward Erhard, III is the sole principal of Pinnacle. Upon information and belief, Cesar Carbajal ("Carbajal") is an individual residing at 39-12 56th Street, 1st Floor, Woodside, NY 11377. Upon information and belief, 325 Main Street Owners Corp. ("325 Main Street") is a domestic corporation with its principal place of business located at 5683 Riverdale Avenue, Riverdale, NY. Upon information and belief, Delta Restoration, LLC ("Delta") is a domestic corporation with its principal place of business located at 4715 72nd Street, Woodside, NY 11377. Upon information and belief, Century was and still is incorporated in the State of Ohio with its principal place of business in the State of Michigan.

In this action, Century, an insurance company, seeks to avoid coverage for the underlying personal injury lawsuit brought by Carbajal pending against 325 Main Street (the property owner) and Pinnacle (the general contractor). In the Underlying Action, in or about 2010, 325 Main Street hired Pinnacle to perform restoration of a building located at 325 Main Street (the "Premises"). Carbajal alleges that, on or about March 27, 2012, he was injured when he was struck in the face by a grinder disk that broke off an angle grinder. Carbajal further alleges that this accident was caused by the negligence, carelessness and various violations of the Labor Law by 325 Main Street and Pinnacle in failing to provide him with a safe working environment. In Carbajal's Complaint, he does not specify a specific amount in damages.

Century admits that Pinnacle's claim falls within the scope of the Commercial General Liability Policy issued to Pinnacle, policy number CCP 743045, effective December 14, 2011 through December 14, 2012 (the "Policy"). Century contends, however, that coverage nevertheless is precluded by the following exclusions: "Exclusion - Construction Management", "Action Over Exclusion" and "Exclusion - Bodily Injury to Independent Contractors." In Century's Response to Pinnacle's Request for Interrogatories, dated January, 17, 2014, Century admits that its compensatory damages are solely comprised of defense payments totaling $23,977.41 as of January 17, 2014.

A declaratory-judgment action to determine if any of the aforementioned exclusions apply pursuant to the carrier's policy is not ripe, and hence is premature, until the liability of the insured is determined in the Underlying Action and subject matter jurisdiction is established. To hold otherwise would mean that every plaintiff, upon the filing of a personal injury action could at the same time file a declaratory-judgment action to determine the amount of insurance coverage available in the event that liability was subsequently established.

Moreover, the gravamen of Century's claim centers on disputed facts which are identical to, and also central to, the claims at issue in the Underlying Action – namely, what is the relationship between Pinnacle and Delta. Given the identity of issues between the two lawsuits, the common facts, witnesses and documents, that the Underlying Action is at the eve of trial and the prospect of inconsistent determinations between the two actions, Century's declaratory judgment lawsuit should be dismissed without prejudice or stayed pending resolution of the Underlying Action.

A federal court may render a declaratory judgment only if the following factors are met: (1) the declaratory action would settle the controversy; (2) the action would serve a useful purpose in clarifying legal relations in issue; (3) the declaratory remedy is not being used merely for the purpose of "procedural fencing" such as a race for *res judicata*; (4) the use of declaratory action would not increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) if there is no alternative remedy which is better or more effective. *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F.Supp.2d 394, 432 (S.D.N.Y. 2002), *aff'd*, 346 F.3d. 357 (2d Cir. 2003); 28 U.S.C.A. §2201(a).

Regarding *Dow Jones* factors (1) and (2), at this juncture this Court cannot settle the controversy between Pinnacle and Century, nor would it serve a useful purpose to have this Court clarify the legal issues in this case. This is because discovery has already been completed in the state action and the

matter is ready to proceed to trial. New York Courts have long held that an adjudication of a declaratory judgment action would be premature where the issues in an underlying lawsuit raise the precise the precise issues upon which a coverage determination in the declaratory judgment action must be made. *Prashker v. U.S. Guarantee Co.*, 1 N.Y. 2d 584, 154 N.Y.S.2d 910 (1956); *Town of Huntington v. Hartford Ins. Group*, 69 A.D. 906, 907, 415 N.Y.S.2d 904, 905 (2d Dept. 1979); *American Home Assur. Co. v. Port Authority of New York and New Jersey*, 66 A.D.2d 269, 274, 412 (N.Y.S.2d 605, 608 (1st Dept. 1979); *Nationwide Mut. Ins. Co. v. Dennis*, 14 A.D.2d 188, 188-89, 217 N.Y.S.2d 680, 681 (3d Dept. 1961).

Regarding the remaining *Dow Jones* factors, clearly Century's declaratory judgment lawsuit appears to be being used for purposes of a race *res judicata,* as Century's hope undoubtedly to get a quick determination here so as to forestall any adverse ruling in the pending Underlying Action. Furthermore, the litigation of this declaratory judgment action would increase friction between state and federal courts by interfering with the ongoing State Court action and potentially creating inconsistent rulings. The alternative remedy, which is better or more effective, is to proceed with the state court action.

Finally, although New York courts do not appear to have directly addressed this issue, a dismissal or stay is also appropriate due to the conflict inherent in permitting an insurer to proceed with a declaratory judgment action for non-coverage during the pendency of the underlying action. *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 305, 24 Cal. Rptr. 467, 468 (Cal. 1993) ("because the duty to defends turns on the potential for coverage, and because coverage frequently turns on factual issues to be litigated in the third party liability action, litigating the duty to defend in the declaratory relief action may prejudice the insured in the liability action. To prevent this form of prejudice, the insurer's action for declaratory relief may be either stayed or dismissed." (Kennard, A.J. concurring); *Old Republic Insurance Company v. Chuhak & Teason, P.C.*, 84 F.3d 998, 1003 (7th Cir. 1996) ("the insurer's declaratory judgment suit is not a proper vehicle for resolving factual issues in the underlying suit against the insured"). This prejudice is particularly noteworthy here, where Century has provided counsel to its insured in the Underlying Action.

For the foregoing reasons, Pinnacle believes a motion to dismiss without prejudice or to stay this action pending resolution of the Underlying Action is appropriate in this case.

Respectfully submitted,

Manoj R. Andalkar

cc: Cassandra A. Kazukenus, Esq.
Adam T. Newman, Esq.
Steven R. Payne, Esq.